IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| ESTATE OF CAPTAIN DAVID JOHN PAUL THOMPSON, et al., | ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | 1:11CV547 |
| MISSION ESSENTIAL PERSONNEL, LLC, | ) ) ) | |
| Defendant. | ) | |

MEMORANDUM OPINION AND ORDER

BEATY, District Judge.

This matter is before the Court on Recommendation of the United States Magistrate Judge [Doc. #28] that Defendant's Motion to Dismiss for Lack of Personal Jurisdiction [Doc. #10] be granted and the matter be transferred to the Eastern District of Virginia. The Recommendation was filed on November 14, 2013, and notice was served on the parties pursuant to 28 U.S.C. § 636(b). On November 27, 2013, Plaintiffs filed timely Objections [Doc. #30] to the Recommendation. Defendant responded [Doc. #34]. Plaintiffs filed a motion [Doc. #35] requesting a hearing on their Objections and a motion requesting a status conference [Doc. #37]. Upon a de novo review of the Objections and relevant portions of the Recommendation, the Court finds that the Objections do not change the substance of the Magistrate Judge's ruling. For the reasons discussed below, including application of subsequently decided authority, the Court affirms and adopts the Magistrate Judge's Recommendation [Doc. #28]. The Court will address the issues of personal jurisdiction and transfer of venue in turn.

A. PERSONAL JURISDICTION

As noted by the Recommendation, the Court's legal analysis is limited to consideration of the principles of general personal jurisdiction. Here, general jurisdiction hinges upon whether Defendant, as an Ohio corporation, has "affiliations with [North Carolina that] are so 'continuous and systematic' as to render them essentially at home in [North Carolina]." Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. __, 131 S. Ct. 2846, 2851, 180 L. Ed. 796 (2011) (citing Int'l Shoe Co. v. State of Wash., Ofc. of Unemployment Comp. & Placement, 326 U.S. 310, 317, 66 S. Ct. 154, 159, 90 L. Ed. 95 (1945)). The Fourth Circuit has explained that the "threshold level of minimum contacts to confer general jurisdiction is significantly higher than for specific jurisdiction." ESAB Grp. Inc. v. Centricut Inc., 126 F.3d 617, 623 (4th Cir. 1997); accord Woods Int'l, Inc. v. McRoy, 436 F. Supp. 2d 744, 748 (M.D.N.C. 2006).

The U.S. Supreme Court recently confirmed—in a decision issued after the Recommendation in this case—that a defendant is not subject to suit in every state in which it conducts "substantial, continuous, and systematic" business. Daimler AG v. Bauman, 134 S. Ct. 746, 760–61, 187 L. Ed. 2d 624 (Jan. 14, 2014) (rejecting the argument that general jurisdiction should apply in "every State in which a corporation engages in a substantial, continuous, and systematic course of business." (internal quotations omitted)). "[T]he inquiry under Goodyear is not whether a foreign corporation's in-forum contacts can be said to be in some sense 'continuous and systematic,' it is whether that corporation's 'affiliations with the State are so "continuous and systematic" as to render [it] essentially at home in the forum

State.'" Id. at 761, 197 L. Ed. 2d 624 (quoting Goodyear, 564 U.S. __, 131 S. Ct. at 2851, 180 L. Ed. 796 (2011)).

In Daimler, the Supreme Court reinforced that a corporation will be subject to suit under the doctrine of general jurisdiction in the state(s) where it is incorporated and where it maintains its principal place of business. 134 S. Ct. at 760, 187 L. Ed. 2d 624. The Supreme Court described the case in which general jurisdiction lies outside of these two areas as the "exceptional" situation. Id. at 761 n.19 ("[I]n an exceptional case [like Perkins v. Benguet Consol. Mining Co., 342 U.S. 437, 72 S. Ct. 413, 96 L. Ed. 485 (1952)] a corporation's operations in a forum other than its formal place of incorporation or principal place of business may be so substantial and of such a nature as to render the corporation at home in that State."). The Daimler court characterized the level of contacts necessary to exercise general jurisdiction as being "comparable to a domestic enterprise in that State." Id. at 758 n.11, 187 L. Ed. 2d 624.

With this backdrop in mind, the Court turns to Plaintiffs' Objections. Plaintiffs' arguments pertain to the following: (1) the proper factual standard or burden for Plaintiffs in proving personal jurisdiction at this stage; (2) whether Plaintiffs' facts suffice to show the necessary "systematic and continuous contacts" and the propriety of considering contacts relative to a defendant's overall activities; and (3) whether transfer of venue is proper.

As to this first general objection, Plaintiffs bear the burden of proving personal jurisdiction by a preponderance of the evidence. Once jurisdictional discovery or an evidentiary hearing is completed, the plaintiff's preponderance of the evidence burden applies and the plaintiff no longer has the benefit of favorable interpretations of pleading allegations. See Marx

Indus., Inc. v. Chestnut Ridge Foam, Inc., 903 F. Supp. 2d 358, 362 (W.D.N.C. 2012); Culp, Inc. v. Huntington Fabrics, Inc., 1:09CV611, 2011 WL 1230820, at *2 (M.D.N.C. Mar. 28, 2011). The parties did in fact conduct jurisdictional discovery in this case. To the extent Plaintiffs object that the Magistrate Judge did not view the evidence in a light most favorable to Plaintiffs, such an objection misconstrues the applicable law. "The parties in this case conducted jurisdictional discovery. Thus, [the plaintiff] must demonstrate grounds for jurisdiction by a preponderance of the evidence." AARP v. Am. Family Prepaid Legal Corp., Inc., 604 F. Supp. 2d 785, 797 (M.D.N.C. 2009) (citing Mylan Lab., Inc. v. Akzo, N.V., 2 F.3d 56, 59–60 (4th Cir.1993); Trivette v. Risher, No. 7:07–CV–16–D, 2008 WL 516747, at *1 n.1 (E.D.N.C. Feb. 25, 2008)).

In light of this standard, and in applying the stringent principles articulated most recently in Daimler, Plaintiffs' second category of objections do not alter the substance or conclusions of the Recommendation. Plaintiffs generally object to the Magistrate Judge's failure to accept Plaintiffs' contentions that the facts regarding the numbers and nature of Defendant's contacts satisfy the tests for general jurisdiction under the Due Process Clause. Upon a de novo review, this Court finds that the evidence of Defendant's contacts do not pass the high bar of showing that Defendant could fairly be considered to be "at home" in North Carolina. Instead, the Court finds Defendant's contacts with North Carolina fall short of those that were sufficient to confer general jurisdiction in Perkins and fall closer to the contacts in Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 410–11, 104 S. Ct. 1868, 1870, 80 L. Ed.2d 404 (1984) or Nichols v. G.D. Searle & Co., 991 F.2d 1195, 1198 (4th Cir. 1993), cases in which general

jurisdiction was not warranted.

Plaintiffs direct the Court to consider Defendant's contacts with North Carolina during more distant years or discrete time periods in which Defendant had more North Carolina contacts rather than more recent years. However, Plaintiffs fail to cite any authority suggesting that older contacts with this State should trump Defendant's more recent contacts or the cumulative nature of such contacts over a period of years. The record shows that Defendant grew substantially between its formation in 2004 and the filing of the current lawsuit. As the Court has noted, the fact that the percentage of Defendant's employees stationed in North Carolina was greatest in 2006 or that the percentage of Defendant's revenue in North Carolina was greater in 2006 than in 2011 is not dispositive. Even when considered as part of the whole picture, the Court does not find that these limited instances of higher activity are high enough to indicate that Defendant is "at home" in North Carolina.

Plaintiffs also suggest that because the number of Defendant's employees working within North Carolina—nearly 200 over a span of five years—exceeds the number of individuals that ninety-five percent of North Carolina's small businesses employed during the year 2011, Defendant's activity is substantial. However, this argument confuses the underlying purpose of the Due Process consideration. Due Process is concerned with whether a particular defendant has been so engaged in a forum state to be fairly subject to the jurisdiction of the courts there. E.g. Int'l Shoe, 326 U.S. at 316–17, 66 S. Ct. at 158–59, 90 L. Ed. 95. Thus, the inquiry does not rest on Defendant's activity relative to the activity of other businesses in the state, but rather the inquiry focuses on Defendant's in-state activity compared with the whole of Defendant's own

business activities.

On this point of Defendant's North Carolina contacts relative to Defendant's entire business, Plaintiffs object to the consideration by the Magistrate Judge and this Court of percentages or relative amounts of Defendant's activity attributable to North Carolina in light of Defendant's total activities in the U.S. and globally. Specifically, the record shows that Defendant's North Carolina-based revenue from 2006 to 2011 constituted less than four-percent of Defendant's total revenue from the U.S., and less than one-percent of Defendant's total, global revenue. During the same time period, Defendant employed more than 7,000 individuals worldwide, while Defendant oversaw at most eight employees with permanent assignments in North Carolina and approximately one hundred and eighty-three employees with temporary assignments in North Carolina. While relative percentages may not always provide helpful analysis, courts often find the metric useful when evaluating the applicability of general jurisdiction. E.g. Goodyear, 564 U.S. __, 131 S. Ct. at 2852, 180 L. Ed.2d 796 (noting the small percentage of the defendant's tires that reached forum state); Wolf v. Richmond Cnty. Hosp. Auth., 745 F.2d 904, 911 (4th Cir. 1984) (considering fact that one-fifth of the defendant's income derived from the forum state); Regent Lighting Corp. v. Am. Lighting Concept, Inc. 25 F. Supp. 2d 705, 712 (M.D.N.C. 1997) (observing that defendant's annual sales in North Carolina represented less than 1% of its total sales). As the U.S. Supreme Court observed in Daimler:

> [T]he general jurisdiction inquiry does not focus solely on the magnitude of the defendant's in-state contacts. General jurisdiction instead calls for an appraisal of a corporation's activities in their entirety, nationwide and worldwide. A corporation that operates in many places can scarcely be deemed at home in all

> of them. Otherwise, "at home" would be synonymous with "doing business" tests framed before specific jurisdiction evolved in the United States.

Daimler, 134 S. Ct. at 762 n.20, 187 L. Ed. 2d 624 (internal citations and quotations omitted). Particularly in light of Daimler's apparent approval of considering a business's in-state activities in the context of its entire operations, the Magistrate Judge properly considered the relative revenue and employment percentages of Defendant to determine whether Defendant engaged in substantial, systematic, and continuous activity in North Carolina.

In sum, even if Defendant's contacts with North Carolina could be described as "systematic and continuous," the contacts do not rise to the level of being "so systematic and continuous" for Defendant to essentially be considered domiciled here in North Carolina. See Daimler, 134 S. Ct. at 758 n.11, 761; Goodyear, 564 U.S. __, 131 S. Ct. at 2851. Defendant's contacts in North Carolina in the context of determining personal jurisdiction do not present the "exceptional" case as was contemplated by Daimler. See 134 S. Ct. at 761 n.19, 187 L. Ed. 2d 624. For that reason, the Court affirms and adopts the Magistrate Judge's Recommendation that the Defendant's Motion to Dismiss for Lack of Personal Jurisdiction be granted.

### B. TRANSFER OF VENUE

Finally, because the Court has determined it lacks personal jurisdiction over Defendant, the Court turns to the Magistrate Judge's sua sponte decision to transfer venue of this matter to the Eastern District of Virginia. In consideration of the Magistrate Judge's decision, the Court also must consider Plaintiffs' objection to this recommendation. If a district court lacks jurisdiction over a matter, "the court shall, if it is in the interest of justice, transfer such action . . . to any other such court in which the action . . . could have been brought at the time it was

filed." 28 U.S.C. § 1631. This Court agrees with the Magistrate Judge's recommendation that it is in the interest of justice to transfer this matter to an appropriate district rather than to dismiss the case and force the Plaintiffs to start from the beginning in reinitiating their lawsuit within another jurisdiction.

Defendant has admitted that no personal jurisdiction challenge could be brought in Ohio, where Defendant is incorporated, or in Virginia, where Defendant's National Capital Region Headquarters is located. (See Def. Mem. [Doc. # 11], at 15). Plaintiffs, however, failed to provide any reason why the Eastern District of Virginia would be an improper venue aside from their preference for a North Carolina forum. Indeed, Plaintiffs' only objection to transferring this matter is that "the plaintiff's choice of forum 'should rarely be disturbed.' " IHFC Props., LLC v. APA Mktg., 850 F. Supp. 2d 604, 622–23 (M.D.N.C. 2012) (quoting Mamani v. Bustamante, 547 F. Supp. 2d 465, 469 (D. Md. 2008) (quoting Collins v. Straight, Inc., 748 F.2d 916, 921 (4th Cir. 1984))). However, this rule of plaintiff's preference cannot be invoked when the plaintiff's choice of forum is not available for want of jurisdiction, as is the case here.

Courts typically consider a number of relevant factors in deciding whether to transfer an action to a different venue. See IHFC Props., 850 F. Supp. at 623 (identifying eleven discretionary factors courts weigh in determining whether transfer is appropriate); Lab. Corp. of Am. Holdings v. Schumann 474 F. Supp. 2d 758, 766 (M.D.N.C. 2006) (same). In light of this Court's determination that jurisdiction is not proper in North Carolina, and given that Virginia is home to witnesses and other evidence likely to be relevant at trial,[1] Virginia is the next

---

[1] This case stems from the actions of Defendant's employee Nasir Ahmadi, a linguist who lived in Virginia from spring of 2009 until Defendant sent him to Afghanistan in September,

most convenient forum where jurisdiction is proper. See Lab. Corp of Am. Holdings, 474 F. Supp. 2d at 766–67 (observing that "the location of witnesses and documents in the case weighs strongly in favor of transfer," and noting that "the apparent lack of personal jurisdiction over defendants in this District creates a great practical problem"). Not surprisingly, Plaintiffs do not suggest that they would prefer dismissal of this action instead of transfer of this action. As Defendant has conceded, jurisdiction is proper in the Eastern District of Virginia, and therefore this Court finds that in the interest of justice this matter should be transferred to the Eastern District of Virginia.

IT IS THEREFORE ORDERED that Defendant's Motion to Dismiss [Doc. #10] is hereby GRANTED as set forth herein. IT IS FURTHER ORDERED that this matter be TRANSFERRED to the Eastern District of Virginia.

The Court notes that Plaintiffs filed a motion [Doc. #35] requesting a hearing on their objections and another motion [Doc. #37] requesting a status conference. Given that the Court has now considered the Magistrate Judge's Recommendation and made a de novo determination, Plaintiffs' Motions are deemed moot and are therefore DENIED.

This, the 23rd day of September, 2014.

_____
United States District Judge

---

2009. Several of Plaintiffs' allegations in their Complaint pertain to individuals' interactions with Ahmadi while he was in Virginia. (See Compl. [Doc. #1], at ¶¶ 11–14 ).