UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

| | |
|---|---|
| ESTATE OF CAPTAIN DAVID JOHNPAUL THOMPSON, by and through EMILY THOMPSON, Executor; CHIEF WARRANT OFFICER THOMAS RUSSELL and TINA RUSSELL, Individually and as Parents and Next Friends of their Minor Children, SKR, ATR and ARR; and ESTATE OF SPECIALIST MARC P. DECOTEAU, by and through MARK DECOTEAU, Executor,<br><br>Plaintiffs,<br><br>v.<br><br>MISSION ESSENTIAL PERSONNEL, LLC,<br><br>Defendant. | Civil Action No. 1:14-cv-01251-GBL-TRJ<br><br>FILED DEC 15 2014 CLERK U.S. DISTRICT COURT ALEXANDRIA, VA |

## REVISED STIPULATED PROTECTIVE ORDER

WHEREAS Defendant Mission Essential Personnel, LLC ("Defendant"), with the assent of the Plaintiffs in this form (collectively "Parties") by their respective counsel, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, requested entry of a Revised Stipulated Protective Order ("Order") pertaining to certain documents and information to be produced in the above-captioned case. The terms of the Order being agreed to by counsel for Defendant and Plaintiffs and approved by this Court, **IT IS HEREBY ORDERED** that:

1. The purpose of this Order is to protect confidentiality of competitively sensitive, proprietary, trade secret or confidential business information of the Defendant, and of sensitive, confidential and/or private medical, psychological, counseling, family and/or financial

1

information of the Plaintiffs, and to permit discovery and trial preparation to proceed with a minimum of discovery motions over matters of confidentiality.

2. The following definitions apply to this Order:

(a) "Party" means any party to this action, and, for the limited purpose of Order, any department or agency of the United States Government that produces documents to the Plaintiffs or the Defendant in this action;

(b) "Producing Person" means any Party that produces, exchanges, files or otherwise makes available documents, testimony or other materials in this action whether by discovery request, subpoena or otherwise;

(c) "Discovery Materials" mean any discovery responses, documents, reports, properly designated testimony or other information in whatever form produced, exchanged or otherwise made available in this Action pursuant to a formal discovery request, subpoena or otherwise;

(d) "This Action" as used in this Order refers to *Estate of Captain David JohnPaul Thompson, et al. v. Mission Essential Personnel, LLC.*, Case No. 1:14-cv-01251-GBL-TRJ (E.D. Va.);

(e) "Confidential Information" shall refer to non-public Discovery Material that a Producing Person reasonably believes in good faith discloses confidential, proprietary and/or technical information, trade secrets, private personal identity information, financial, commercially sensitive and/or current strategic business information of the Defendant and/or sensitive, confidential and/or private medical, psychological, counseling, family and/or financial of the Plaintiffs.

3. This Order governs the handling of all Discovery Materials designated as "Confidential" under this Order.

4. Any Party may designate as "Confidential Information" any Discovery Material by marking or labeling it as "CONFIDENTIAL" before or at the time it is produced, exchanged or otherwise made available. However, merely stamping the legend "CONFIDENTIAL" on the cover of any multi-page document shall, unless otherwise specifically agree in writing, be deemed insufficient, in and of itself, to designate all pages of such document as "Confidential Information." Rather, only the minimum number or amount of words, numerics, sentences, paragraphs, sections, pages, or parts of a given document that actually contain the Confidential Information shall be designated "Confidential Information" by highlighting, underscoring, side-marking or other reasonable designation in conjunction with the word "CONFIDENTIAL."

5. The inadvertent production of or failure to designate any Discovery Material as Confidential Information shall not be deemed a waiver of the Producing Party's claim that such Discovery Material is Confidential Information. Any Party or third party who inadvertently fails to designate Discovery Material as Confidential Information pursuant to this Order shall have a reasonable time from the discovery of its oversight to designate that Discovery Material as Confidential Information as appropriate.

6. Any copies, reproductions, excerpts, specific summaries or other documents or media that closely paraphrase, directly excerpt, specifically derive from or otherwise contain Confidential Information shall also be treated as Confidential pursuant to this Order.

7. Any Party or deponent may designate specific testimony or transcript pages as Confidential Information by notice on the record at the deposition, provided that the Party or deponent making such a designation must also provide its designations in writing to all Parties,

with page and line references, no more than ten (10) days after receipt of the complete and final transcript.

8. Confidential Information shall be used only for the purposes of this Action and shall not be used for any other purpose.

9. In the absence of written permission from the Producing Person or an order of this Court, Confidential Information shall be held in confidence and shall not be disclosed in any manner, in any form, to any person, entity or judicial tribunal other than to:

(a) This Court, a court with appellate jurisdiction over this Action, or any court with jurisdiction over any subpoena, or similar document, served in connection with this Action that is called upon to resolve a discovery dispute, in accordance with Paragraphs 12-14 of this Order;

(b) Court reporting personnel involved in taking or transcribing testimony in this Action;

(c) The Parties' counsel retained in or working on this Action, including in-house attorneys, outside attorneys, paralegal assistants, and secretaries;

(d) Employees, agents, or vendors providing litigation support in this Action to such in-house or outside counsel, to the extent counsel deems the disclosure reasonably necessary to render professional services in this Action;

(e) Consultants and experts retained by a Party or its counsel to assist in the prosecution, defense, or settlement of this Action;

(f) Any Party in this Action, including its current officers, partners or directors;

(g) Other current and former employees of any Party in this Action, to the extent deemed necessary by counsel for the prosecution, defense, or settlement of this action, provided that counsel has a good faith basis for believing that, with respect to former employees, officers,

partners, or directors (collectively, "former employees"), such former employees had access to said material or reasonably similar materials when they held said positions, and provided that counsel must ascertain as soon as practicable whether such former employees had such access, and provided that when it becomes reasonably apparent that such former employee did not have such access, counsel must immediately refrain from any further disclosure of that Confidential Information to such former employees; and

(h) Deposition witnesses, trial witnesses, and hearing witnesses in this Action, but only as necessary to their testimony or anticipated testimony.

10. Before any employee, consultant or expert of a Party or any other person not included within 10(a)-(d) who is authorized to view Confidential Information under the terms of this Order is given access to such Confidential Information, the person shall first read this Order and execute a copy of either Exhibit A (general) or Exhibit B (deposition witnesses), attached hereto, acknowledging his or her receipt of this Order and agreement to be bound by its terms. Executed copies of Exhibit A shall be held by counsel of record for the Party giving access to such Confidential Information and shall only be discoverable upon order of this Court for good cause shown in the context of a bona fide dispute about compliance with this Order.

11. With respect to deposition witnesses as identified in paragraph 8(h) (hereinafter, "deponent"), the Court hereby Orders that counsel intending to present Confidential Information to a witness at deposition shall first present the deponent with a copy of Exhibit B which orders the deponent to maintain the confidentiality of such Confidential Information for a minimum of thirty (30) days subject to the right of the deponent or any Party to this Action to object to keeping such material confidential by motion to this Court. If neither the deponent nor any Party files such a motion, then the effect of Exhibit B shall be to require the deponent to maintain the

5

confidentiality of such Confidential Information until otherwise ordered. Regardless of a deponent's willingness to execute an acknowledgement of, and/or be bound by, the terms of Exhibit B, testimony shall proceed in accordance with the Rules of Procedure subject to an immediate motion pursuant to Fed. R. Civ. P. 30(d)(3) for a protective order specifically applicable to that deponent.

12. No Confidential Information may be filed with this Court, or quoted in a pleading filed with this Court, unless filed under seal or in a redacted format agreed to by the Parties. A Party seeking to file Confidential Information with this Court, or quote Confidential Information in a public filing with this Court, shall first consult with the Producing Party about whether redactions can be made to the Confidential Information, acceptable to both Parties, that would enable the material in question to be filed publicly. If no agreement on redactions can be reached, the Party shall file the Confidential Information under seal. In addition, no Confidential Information shall be filed with another court pursuant to paragraph 10(a) of this Order unless filed under seal or in a redacted form agreed to by the Parties.

13. Nothing herein shall restrict the presentation of any evidence to the Court at trial or any other hearing in this action and any Party seeking to prevent the public disclosure of any evidence presented at trial or hearing shall seek an Order to that effect at the time of such presentation.

14. Should a Party object to the designation of materials as "Confidential Information," that Party shall give written notice of such objection to the Producing Person or, if designated at deposition, shall give such notice on the transcript. Counsel shall then confer in an effort to resolve such objections. If no resolution is reached, the Party seeking to prevent

disclosure may apply to this Court within a reasonable period of time for a ruling whether the material in question should be treated as Confidential Information under this Order.

15. The burden of proving that any Discovery Material qualifies as Confidential Information shall remain with the Party making such designation.

16. If Confidential Information is inadvertently disclosed to any person other than one entitled to disclosure under this Order, the person or counsel responsible for the disclosure shall immediately upon learning of such disclosure inform the Producing Party in writing of all pertinent facts relating to such disclosure and shall make every effort to prevent further disclosure by the unauthorized person. Notwithstanding the foregoing, counsel of record are responsible for employing reasonable measures to control, consistent with the terms of this Order, duplication of, access to and distribution of Confidential Information under the terms of this Order.

17. Notwithstanding the foregoing, nothing in this Order shall (a) prejudice the right of any Party to move the Court to broaden or restrict the rights of access to and use of particular Discovery Material, provided that any use at trial, hearing or other public use of such material by that Party obviates the status of such Discovery Material as "Confidential Information" unless otherwise ordered by this Court; (b) be deemed to limit or restrict in any manner the rights of a Party to use, or to authorize or consent to the use of, its own Discovery Material, (c) be deemed to limit or restrict in any manner a Party's rights, if any, to use any documents, materials, or information obtained independent of discovery in this action, whether or not such documents, materials, or information are also obtained through discovery proceedings in this action, (d) prevent the Parties to this Order from agreeing to alter or waive the provisions or protections

provided for herein with respect to any particular Discovery Material, or (e) to seek modifications of this Order upon due notice to all other Parties.

18. Entering into, agreeing to, and/or producing or receiving Confidential Information, or otherwise complying with the terms of this Order shall not prejudice in any way the right of a Party at any time: (a) to seek a determination by the Court of whether any particular document, material, or piece of information should be subject to the terms of this Order; (b) to seek relief on appropriate notice from any provision(s) of this Order, either generally or as to any particular document, material, or piece of information; (c) to object to any discovery request on grounds *other* than confidentiality, including the right to assert that no discovery should be had of certain documents, material, or information; (d) to seek a higher level or protection than provided for by this Order if the Party believes that unique circumstances warrant that higher level of protection; (e) to seek documents, material, or other information from any source; or (f) to object to the authenticity or admissibility into evidence of any documents, materials, or other information subject to this Order.

19. If any person receiving documents, materials, and other information covered by this Order (the "Recipient") is either (a) subpoenaed in another action or proceeding, (b) served with a discovery or disclosure demand or request in another action or proceeding to which the Recipient is a party, or (c) served with any other legal process seeking Discovery Material which was produced or designated as Confidential Information by someone other than the Recipient, the Recipient shall give prompt written notice, by overnight and electronic mail, within five (5) business days of receipt of such subpoena, request, demand, or legal process, to the Producing Party and, if a response or production is called for within that five (5) day period, shall object to its production based on the existence and effect of this Order. The subpoenaed party shall not

produce any Confidential Information in response to the subpoena, request, demand, or legal process without the prior written consent of the Producing Party unless: (i) that Producing Person fails or declines to take immediate steps through legal, administrative or judicial process to prevent such disclosure; or (ii) in response to an order of a court or other tribunal of competent jurisdiction. Nothing herein shall be construed as requiring the Recipient or anyone else covered by this Order to, themselves, undertake legal process to challenge or appeal any subpoena or order requiring production of Confidential Information covered by this Order, to subject himself or itself to any penalties for non-compliance with any legal process or order, or to seek any relief from the Court in this Action or any other court. The Recipient shall not object to the Producing Party having a reasonable opportunity to appear in the litigation or process commanding disclosure of such Confidential Information for the purpose of seeking to prevent or restrict disclosure thereof, however, the Recipient is under no circumstances otherwise required to agree with the Producing Party's position and the Recipient may otherwise fully object to, or oppose, the Producing Party's attempts to prevent or restrict disclosure of the material or information in dispute.

20. Nothing in this Order shall be construed as requiring the production of objectively privileged or otherwise legitimately protected documents or information. The inadvertent production in the course of discovery of any document (whether designated Confidential Information or not) shall not be deemed to waive whatever attorney-client privilege, work product protection or other privilege or immunity that would otherwise attach to the document or information produced or to other documents or other information, as long as the Producing Party, promptly after discovery, notifies the receiving party or parties of the claim or other protection or immunity. Upon such notice, the receiving party or parties shall promptly return, sequester or

9

destroy all copies of the documents or information referred to, shall not use or disclose the information, shall take reasonable steps to retrieve the information if the party disclosed it before being notified, and may promptly present the information to the Court under seal for a determination of the claim. The Producing Party must preserve such privileged or otherwise protected documents or information until this Action has come to a final resolution, including any and all periods for any appeals

21. Unless otherwise agreed by the Producing Person, and except as otherwise provided herein, all Confidential Information which is not in the custody of the Court shall (a) be returned to the Producing Person within sixty (60) days of the termination of the Action, or (b) be destroyed by the recipient thereof and that fact be certified to the Producing Person. However, attorneys of record for the Parties to the Action may, following the termination of the Action, retain at their offices copies of court papers, deposition and trial transcripts, and any attorney work-product (including attorney work-product containing or incorporating Confidential Information), provided that such counsel, and employees of such counsel, shall not disclose such court papers, deposition and trial transcripts, or attorney work-product to any person except pursuant to court order or agreement with the Producing Person. Any such papers retained by counsel and their employees that contain Confidential Information shall be retained in a secure and safe area, and counsel shall exercise due and proper care with respect to the storage, custody, and use of all such Confidential Information so as to prevent any unauthorized disclosure thereof.

22. For purposes of this Order, the Action shall be deemed to have terminated when (a) a final judgment is entered, all timely-commenced proceedings for review or appeal of the

final judgment have been completed, and the time for commencing any further such proceedings has expired, or (b) the Action is dismissed or discontinued with prejudice.

23. After final determination of this litigation, the provisions of this Order shall continue to be binding, and the Court shall retain jurisdiction over the Parties for enforcement of its provisions.

The Clerk is directed to send copies of this Order to all counsel of record upon entry thereof.

ENTERED this 15th day of December 2014.

/s/Thomas Rawles Jones, Jr.

THOMAS RAWLES JONES, JR.
U.S. MAGISTRATE JUDGE
EASTERN DISTRICT OF VIRGINIA

11

WE ASK FOR THIS:

*Brad Henry w/ approval*
Bradley M. Henry, Esq. 559501
MEEHAN, BOYLE, BLACK &
BOGDANOW, P.C.
Two Center Plaza, Suite 600
Boston, MA 02108
Telephone: (617) 523-8300
F: (617) 684-1104
bhenry@meehanboyle.com     AND

*Victor Glasberg w/ approval*
Victor M. Glasberg
Victor M. Glasberg & Associates
121 S. Columbus Street
Alexandra, VA 22314
P: (703) 684-1100
F: (703) 684-1104
vmg@robinhoodesq.com

Dated: December 12, 2014

By: Tara M. Lee (VSB #71594)
Joseph C. Davis (VSB #79574)
DLA PIPER LLP (US)
One Fountain Square
11911 Freedom Drive, Suite 300
Reston, Virginia 20190
Telephone: (703) 773-4000
Fax: (703) 773-5000
Tara.Lee@dlapiper.com
Joe.Davis@dlapiper.com

12

# UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF VIRGINIA

| | |
|---|---|
| ESTATE OF CAPTAIN DAVID JOHNPAUL THOMPSON, *ET AL.*, <br><br> Plaintiffs, <br><br> v. <br><br> MISSION ESSENTIAL PERSONNEL, LLC, <br><br> Defendant. | Civil Action No. 1:14-cv-01251-GBL-TRJ <br><br> **PROTECTIVE ORDER - EXHIBIT A – GENERAL USE** |

1. I, _____, have read the foregoing Stipulated Protective Order ("Order") for the protection and exchange of Confidential Information effective as of _____, 2011, and agree to be bound by its terms with respect to any Confidential Information that are furnished to me as set forth in the Order.2. I further agree that, absent authorization from all Parties in this Action, I shall: (i) not disclose to anyone any Confidential Information other than as set forth in the Order or by order of another court of competent jurisdiction and (ii) that any copies of any Confidential Information furnished to me will be destroyed or returned in accordance with the Order.

3. I hereby agree that any Confidential Information furnished to me will be used by me only for the purposes of this action and for no other purpose, and will not be used by me in any business affairs of my employer or of my own or be imparted by me to any other person other than for the purposes of this litigation.

Signature: _____

Date: _____